COOPER LEVENSON, P.A.
1125 Atlantic Avenue
Atlantic City, NJ 08401
(609) 344-3161; Fax: (609) 344-0939
Eric A. Browndorf, Esq. (Pro Hac Vice)
William P. Rubley, Esq. (Pro Hac Vice)
ebrowndorf@cooperlevenson.com
wrubley@cooperlevenson.com

LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
(310) 394-5900; Fax: (310) 394-9280
Leslie Cohen, Esq. (93698)
leslie@lesliecohenlaw.com

Attorneys for GIBF GP, INC.

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARSHAD ASSOFI, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DONALD BASILE, an individual, GIBF GP, INC. d/b/a BITCOIN LATINUM, a Delaware corporation, and DOES 1 through 10,<br><br>Defendants. | Case Number: 2:22-cv-8313<br><br>**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: To be Set By Court<br>Time: TBD<br>Dept.: TBD<br>Judge: District Court Judge George H. Wu and Magistrate Judge Charles F. Eick |

Page **1** of **16**

Case No.: 2:22-cv-8313 DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF CONTENTS

I. INTRODUCTION ........ 4

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 6

A. The parties enter into the SAFTs, which each included an agreement to arbitrate any disputes arising from or relating to the SAFTs. ........ 6

B. Plaintiff files his Complaint. ........ 8

III. LEGAL STANDARD ........ 9

IV. ARGUMENT ........ 9

A. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff was contractually obligated to notify Latinum of his disputes for informal resolution under the terms of the SAFTs. ........ 9

B. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff was contractually obligated to submit his disputes to binding arbitration under the terms of the SAFT. ........ 10

C. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff contractually waived and released the claims brought in the Complaint under the terms of the SAFT. ........ 12

V. CONCLUSION ........ 15

Page **2** of **16**

Case No.: 2:22-cv-8313

DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)....................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)....................9

*Bennett v. United States Cycling Fed'n*, 193 Cal. App. 3d 1485, 1490 (Cal. Ct. App. 1987).......14

*Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 854 (9th Cir. 2011)..11

*Ferrell v. S. Nev. Off-Road Enthusiasts*, 147 Cal. App. 3d 309, 318 (Cal. Ct. App. 1983) ..........15

*In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ....................9

*In re Van Dusen*, 654 F.3d 838, 845 (9th Cir. 2011)....................11

*KPMG LLP v. Cocchi*, 132 S.Ct. 23, 25 (2011) ....................11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ....................9

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)....................9

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ....................11

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)....................9

**Statutes**

9 U.S.C. § 2 ....................11

Cal. Code of Civ. Proc. §1281.2....................11

Cal. Code of Civ. Proc. §1281.2(b) ....................11

**Regulations**

17 C.F.R. §230.501....................4

**Rules**

FED. R. CIV. P. 12(b)(6) ....................9, 10

Page **3** of **16**

Case No.: 2:22-cv-8313

DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant, GBIF GP, Inc. d/b/a Bitcoin Latinum ("Latinum"), by and through undersigned counsel, submits this brief in support of its motion to dismiss Plaintiff's Complaint and Jury Demand dated November 14, 2022 [ECF No. 1] (the "Complaint") for failure to state a claim upon which relief can be granted. A true and correct copy of the Complaint is attached to the Certification of Counsel as Exhibit A.

## I.   INTRODUCTION

In this case, Plaintiff seeks to recover damages from Latinum in connection with a purchase agreement that Plaintiff executed for the future right to receive cryptocurrency assets from Latinum. The cryptocurrency assets in question are Bitcoin Latinum tokens ("Tokens").

At the time of the conduct alleged in the Complaint, and at the time of the filing of this Motion, the Tokens had not been released to individual investors, such as Plaintiff. The only way for individual investors such as Plaintiff to pre-purchase Tokens was to participate in Latinum's private placement offering made pursuant to Rule 506(d) of Regulation D under the Securities Act, 17 C.F.R. §230.501 et seq. In connection with the transaction, Investors were required to execute a purchase agreement in the form of a Simple Agreement for Future Tokens ("SAFT"). A true and correct copy of the form SAFT is attached to the Certification of Counsel as Exhibit B.

Here, Plaintiff made a series of five investments in the pre-purchase of Tokens, each memorialized by a separate SAFT. True and correct copies of the SAFTs with all accompanying documents, including Purchase Agreements, executed by Plaintiff are attached to the Certification of Counsel as Exhibits C, D, E, F, and G. The SAFTs which Plaintiff executed and delivered to Defendant may collectively be referred to as the "SAFT" or the "SAFTs."

Page **4** of **16**

Case No.: 2:22-cv-8313   DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In executing the SAFTs, investors such as Plaintiff agreed to exchange the payment of money for "the right to receive tokens to be issued in the future via a Bitcoin Blockchain Hard Fork, which will generate a new set of cryptographic tokens . . . ." Exhibit C, page 1.

Plaintiff, apparently wanting to back out of the SAFTs that he executed, filed the instant Complaint in this Court on November 14, 2022. However, under the terms of the SAFTs which Plaintiff executed, Plaintiff agreed to submit any and all claims to binding arbitration. Exhibit C ¶ 7. Further, under the arbitration agreement contained within the SAFTs, both parties agreed to provide the other party thirty (30) days' notice of any dispute arising from or relating to the SAFTs so that the parties could resolve the dispute informally. Exhibit C ¶ 7.4. If the parties could not resolve the dispute within thirty (30) days of the date of the notice, then the appropriate party could commence an arbitration proceeding under the terms of the SAFTs. *Id.*

Plaintiff did none of the above. Instead, Plaintiff filed the instant Complaint in this Court. Exhibit A.

For the reasons set forth below, Defendant seeks an order dismissing Plaintiff's Complaint because: (1) Plaintiff did not give the required notice under the terms of the SAFTs prior to filing his Complaint; and (2) Plaintiff did not submit his dispute to binding arbitration as required by the SAFTs. Additionally, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted, since Plaintiff expressly waived and released the claims which he brought in his complaint pursuant to the clear, unambiguous, and explicit exculpatory provisions contained in the SAFT's.

Page **5** of **16**

Case No.: 2:22-cv-8313     DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The parties enter into the SAFTs, which each included an agreement to arbitrate any disputes arising from or relating to the SAFTs.

On or around June 29, 2021, Plaintiff executed the first of a series of five SAFTs. Exhibit C. Under the terms of the first SAFT, Plaintiff agreed to pay $2,000,000 for "the right to receive tokens to be issued in the future via a Bitcoin Blockchain Hard Fork, which will generate a new set of cryptographic tokens . . . ." Exhibit C, page 1. Plaintiff was to receive 200,000 Tokens at a purchase price of $10.00 per Token, for a total aggregate purchase amount of $2,000,000. Exhibit C, page 1. Plaintiff then entered into the subsequent SAFTs, each containing identical language. Plaintiff executed the second SAFT on July 12, 2021, agreeing to purchase 300,000 Tokens at $10.00 per Token for a total of $3,000,000. Exhibit D, page 1. Plaintiff executed the third SAFT on August 22, 2021, agreeing to purchase 220,150 Tokens at $10.00 per Token for a total of $2,201,500. Exhibit E, page 1. Plaintiff executed the fourth SAFT on September 25, 2021, agreeing to purchase 473,040 Tokens at $10.00 per Token for a total of $4,730,400. Exhibit F, page 1. Plaintiff executed the fifth SAFT on October 21, 2021, agreeing to purchase 400,000 Tokens at $10.00 per Token for a total of $4,000,000. Exhibit G, page 1.

Each SAFT provides for the delivery of Tokens "[u]pon the satisfaction of the Milestone by GIBF GP, Inc." Exhibit C, ¶ 1(b). The "Milestone" is defined in the SAFTs: "'Milestone' means the newly forked Bitcoin Network is operational after a successful Hard Fork with Token functionality as determined by the Company in its sole discretion." Exhibit C, ¶ 2. As of the date of this Motion, Latinum has not yet met the satisfaction of the Milestone and no Tokens have been released to individual investors. *Id.*

The SAFTs provide that the parties agree that all disputes (except for those involving the alleged unlawful use of intellectual property) arising from or related to the terms of the Purchase Agreement or Offering Materials will be decided through binding arbitration:

> 7.1. Binding Arbitration. Except for any disputes, claims, suits, actions, causes of action, demands or proceedings (collectively, "Disputes") in which either party seeks injunctive or other equitable relief for the alleged unlawful use of intellectual property, including, without limitation, copyrights, trademarks, trade names, logos, trade secrets or patents, the Purchaser and the Company (i) **waive the Purchaser's and the Company's respective rights to have any and all Disputes arising from or related to the terms of the Purchase Agreement or Offering Materials** (the "Terms") resolved in a court, and (ii) **waive the Purchaser's and the Company's respective rights to a jury trial**. Instead, the Purchaser and the Company will arbitrate Disputes through binding arbitration (which is the referral of a Dispute to one or more persons charged with reviewing the Dispute and making a final and binding determination to resolve it instead of having the Dispute decided by a judge or jury in court).

Exhibit C, ¶ 7.1 (emphasis added).

The SAFTs provide that each party shall "notify the other party in writing of any Dispute within thirty (30) days of the date it arises, so that the parties can attempt in good faith to resolve the Dispute informally." Exhibit C, ¶ 7.4. The notice provision provides the specific process by which notice shall be given. Exhibit C, ¶ 7.4.

The SAFTs provide that "[i]f the Purchaser and the Company cannot agree how to resolve the Dispute within thirty (30) days after the date notice is received by the applicable party, then either the Purchaser or the Company may, as appropriate and in accordance with this Section 7, commence an arbitration proceeding . . . ." Exhibit C, ¶ 7.4.

The SAFTs further provides the process for arbitration:

Page **7** of **16**

Case No.: 2:22-cv-8313 DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

> 7.5. Process. Any arbitration will occur in Delaware. Arbitration will be conducted confidentially by a single arbitrator in accordance with the rules of the Judicial Arbitration and Mediation Services ("JAMS"), which are hereby incorporated by reference. The state and federal courts located in Delaware will have exclusive jurisdiction over any appeals and the enforcement of an arbitration award. The Purchaser may also litigate a Dispute in the small claims court located in the county where the Purchaser resides if the Dispute meets the requirements to be heard in small claims court.

Exhibit C, ¶ 7.5.

**B. Plaintiff files his Complaint.**

On November 14, 2022, Plaintiff filed his Complaint in this matter [ECF No. 1]. In the Complaint, Plaintiff alleges various causes of action, each arising from and/or relating to Plaintiff's SAFTs. Specifically, Plaintiff alleges causes of action for: unregistered offer and sale of securities in violation of Sections 5 and 12(A) of the Securities Exchange Act (Count I), Complaint ¶¶ 87-93; state law violation for unregistered offer and sale of securities (Count II), Complaint ¶¶ 94-102; securities fraud in violation of Section 10(b) of the Exchange Act and rule 10b-5 (Count III), Complaint ¶¶ 103-08; unregistered dealer/broker under Section 15(a)(1) of the Exchange Act (Count IV), Complaint ¶¶ 109-15; state law securities fraud (Count V), Complaint ¶¶ 116-21; rescission under Section 29(b) of the Exchange Act (Count VI), Complaint ¶¶ 122-28; fraud (Count VII), Complaint ¶¶ 129-35; conversion (Count VIII), Complaint ¶¶ 136-41; and violation of Penal Code § 496 (Count IX), Complaint ¶¶ 142-45.

Although the claims set forth in the Complaint each arise from or relate to the terms of the SAFTs, the Complaint does not address the arbitration provisions contained in each SAFTs, nor does the Complaint challenge the applicability or enforceability of the arbitration provisions.

Page **8** of **16**

Case No.: 2:22-cv-8313 DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

## III. LEGAL STANDARD

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## IV. ARGUMENT

### A. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff was contractually obligated to notify Latinum of his disputes for informal resolution under the terms of the SAFTs.

Page **9** of **16**

Case No.: 2:22-cv-8313

DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to under FED. R. CIV. P. 12(b)(6) because he is contractually barred from bringing the claims set forth in the Complaint under the terms of the SAFTs. Plaintiff agreed to submit all claims to binding arbitration. Exhibit C ¶ 7. Under the arbitration clause of the SAFTs, both parties agreed to provide the other party thirty (30) days notice of any dispute arising from or relating to the SAFT so that the parties could attempt to resolve the dispute informally. Exhibit C ¶ 7.4. If the parties could not resolve the dispute within thirty (30) days of the date of the notice, then the appropriate party could commence an arbitration proceeding under the terms of the SAFTs. *Id.*

Plaintiff did not comply — nor does Plaintiff assert in his Complaint that he complied — with his contractual obligations to provide thirty (30) days notice prior to filing any claims as required by the SAFTs. Under the terms of the SAFTs, Plaintiff is barred from bringing the claims before this Court or any court or arbitration panel. He must first provide the required notice, negotiate in good faith with Latinum, and then if negotiations are unsuccessful he may submit his claims to binding arbitration. Latinum respectfully requests that the Court enforce the clear and unambiguous language of the notice provision of the arbitration clause set forth in the SAFTs, Exhibit C ¶ 7.4, and dismiss the Complaint.

**B.    Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff was contractually obligated to submit his disputes to binding arbitration under the terms of the SAFT.**

Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to under FED. R. CIV. P. 12(b)(6) because he is contractually barred from bringing the claims set forth in the Complaint under the terms of the SAFT. Plaintiff agreed to any claims to binding arbitration. Exhibit C ¶ 7. Under the arbitration clause of the SAFT, both parties agreed that if

Page **10** of **16**

Case No.: 2:22-cv-8313                DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO
                                      DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES
                                      OF CIVIL PROCEDURE

they "cannot agree how to resolve the Dispute within thirty (30) days after the date notice is received by the applicable party, then either the [Defendant] or [Latinum] may, as appropriate and in accordance with this Section 7, commence an arbitration proceeding . . . ." Exhibit C ¶ 7.4.

There exists a strong public policy favoring arbitration of disputes as set forth in the Federal Arbitration Act ("FAA") which requires a court to compel arbitration if the parties entered into a valid arbitration agreement and the claims fall within the scope of the agreement. 9 U.S.C. § 2; Cal. Code of Civ. Proc. §1281.2. Courts have held that applicable state and federal statutes support an order compelling arbitration where the parties expressly agreed to submit a matter to arbitration in a writing which is valid, enforceable and irrevocable. 9 U.S.C. § 2, Cal. Code of Civ. Proc. §1281.2(b). *KPMG LLP v. Cocchi*, 132 S.Ct. 23, 25 (2011)("The Federal Arbitration Act reflects an emphatic federal policy in favor of arbitral dispute resolution . . . This policy, as contained within the Act, requires courts to enforce the bargain of the parties to arbitrate."); *In re Van Dusen*, 654 F.3d 838, 845 (9th Cir. 2011) ("The FAA embodies a clear federal policy in favor of arbitration."); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) (noting that any doubts regarding the scope of the issues to be arbitrated are to be resolved in favor of arbitration). This Court is without discretion in this matter, as the parties have entered into a binding arbitration agreement that covers the disputes set forth in the Complaint. *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 854 (9th Cir. 2011) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

Plaintiff's claims each fall within the scope of the of the valid and unambiguous arbitration clause of the SAFT. Plaintiff and Latinum each agreed to waive their respective rights "to have

any and all Disputes arising from or related to the terms of the Purchase Agreement or Offering Materials . . . resolved in a court . . . .” Exhibit C, ¶ 7.5. Further, Plaintiff and Defendant each agreed to waive their respective rights to a jury trial. *Id.* Instead, Plaintiff and Defendant each agreed to “arbitrate Disputes through binding arbitration (which is the referral of a Dispute to one or more persons charged with reviewing the Dispute and making a final and binding determination to resolve it instead of having the Dispute decided by a judge or jury in court).” *Id.* Each of the claims set forth in the Complaint arise from or relate to the terms of the SAFTs and the accompanying Purchase Agreements. As such, each of the claims set forth in the Complaint are disputes that Plaintiff agreed to settle through binding arbitration under the terms of the SAFTs and accompanying Purchase Agreements.

Moreover, Plaintiff’s Complaint does not mention the arbitration provisions in the SAFTs, nor does it challenge the applicability or enforceability of the arbitration provisions. Since the arbitration agreement covers each of the disputes raised in Plaintiff’s Complaint, and since Plaintiff does not challenge the applicability or enforceability of the arbitration agreement, this Court has no choice but to dismiss Plaintiff’s Complaint.

**C. Plaintiff’s Complaint fails to state a claim upon which relief can be granted because Plaintiff contractually waived and released the claims brought in the Complaint under the terms of the SAFT.**

Notwithstanding the arbitration clause in the SAFTs, the Plaintiff also waived any and all claims he may have against Latinum in the SAFTs. See in general Exs. C, D, E, F, and G. The SAFTs and accompanying documents are replete with waivers, acknowledgements, releases, and limitations of liability, all of which directly apply to the Plaintiff’s claims asserted in this action.

Page **12** of **16**

Case No.: 2:22-cv-8313 DEFENDANT’S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Among other provisions of the SAFT which waive or release the type of claims set forth in the Complaint, Section 6 of the SAFT provides:

> **Limitation of Liability**. PLEASE READ SECTIONS 6.1, 6.2, AND 6.3 CAREFULLY. THESE PROVISIONS LIMIT THE SCOPE OF THE COMPANY'S LIABILITY IN CONNECTION WITH THE SALE OF THE SAFT.
>
> 6.1. To the fullest extent permitted by applicable law: (i) in no event will the Company and their respective officers, directors, principals, members, employees, agents, and other affiliates be liable for any indirect, special, incidental, consequential, or exemplary damages of any kind (including, but not limited to, where related to loss of revenue, income or profits, loss of use or data, or damages for business interruption) arising out of or in any way related to the sale of the SAFT or otherwise related to these terms, regardless of the form of action, whether based in contract, tort (including, but not limited to, simple negligence, whether active, passive or imputed), or any other legal or equitable theory (even if the party has been advised of the possibility of such damages and regardless of whether such damages were foreseeable); and (ii) in no event will the aggregate liability of the Company and their respective officers, directors, principals, members, employees, agents, and other affiliates (jointly), whether in contract, warranty, tort (including negligence, whether active, passive or imputed), or other theory, arising out of or relating to these terms exceed the amount purchaser pays to the company for the SAFT.
>
> [Exs. C, D, E, F, and G, § 6.]

Each of the SAFT's also contain "no-reliance" provisions, under which Plaintiff represented that he did not rely on any extra-contractual representations in entering into the SAFT. Exs. C, D, E, F, and G, § 2.6. The "no-reliance" provisions state in relevant part:

> (b) *No Reliance.* The Purchaser acknowledges that in making a decision to purchase a SAFT, the Purchaser has relied solely upon this Purchase Agreement and the Offering Materials and independent investigations made by the Purchaser. The Purchaser is not relying and may not rely on any other marketing materials for purposes of making a decision to purchase a SAFT. The Purchaser is also not relying on the Company and their respective officers, directors, principals, members, employees, agents, and other

Page **13** of **16**

Case No.: 2:22-cv-8313   DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

> affiliates with respect to the legal, tax and other economic factors involved in this purchase and understands that it is solely responsible for reviewing the legal, tax and other economic considerations involved with purchasing the SAFTs with its own legal, tax and other advisers.
>
> (c) *Purchaser's Review.* The Purchaser understands that it is solely responsible for reviewing the Offering Materials and this Purchase Agreement and, to the extent he, she or it believes necessary, for discussing with counsel the representations, warranties and agreements that the Purchaser is making in this Purchase Agreement. The Purchaser understands that Bull Blockchain Law LLC acts as counsel only to the Company and does not represent the Purchaser or any other person by reason of purchasing the SAFT.
>
> (d) *No Guarantees.* Neither the Company nor anyone on its behalf has made any representations (whether written or oral) to the Purchaser (i) regarding the future value of the SAFT or the future value or utility of the Tokens or (ii) that the past business performance and experience of the Sponsoring Parties will in any way predict the current or future value of the SAFT or future value or utility of the Tokens.
>
> [Exs. C, D, E, F, and G, § 2.6.]

Additionally, under the terms of the SAFTs Plaintiff represented that, as an accredited investor, he is able to bear the economic risks of entering into the SAFTs and that he has no need for liquidity of the SAFT. Exs. C, D, E, F, and G, § 2.8. In short, the only obligations of Latinum to the Plaintiff under the SAFTs are either to release the Tokens to the Plaintiff, or to provide a refund to the Plaintiff if the Tokens are not released. But even a refund to the Plaintiff is limited to only those funds still available to be refunded, and no more. See SAFT Exs C, D, E, F, and G, §1(c) and §1(d).

"To be effective, a written release purporting to exculpate a tortfeasor from future negligence or misconduct must be clear, unambiguous, and explicit in expressing the intent of the subscribing parties." *Bennett v. United States Cycling Fed'n*, 193 Cal. App. 3d 1485, 1490 (Cal. Ct. App. 1987). "Language that would release a party from its own tortious conduct 'must be clear, explicit and comprehensible in each of its essential details. Such an agreement, read as a

Page **14** of **16**

Case No.: 2:22-cv-8313 DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

whole, must clearly notify the prospective releasor or indemnitor of the effect of signing the agreement.'" *Id.* (quoting *Ferrell v. S. Nev. Off-Road Enthusiasts*, 147 Cal. App. 3d 309, 318 (Cal. Ct. App. 1983)).

Here, the exculpatory provisions of the SAFTs are clear, unambiguous, and explicit in expressing the intent of the subscribing parties to limit or eliminate Latinum's civil liability for precisely the kind of claims brought by the Plaintiff here. Not only do the waiver and release provisions explicitly spell out that Latinum is not liable for any claim relating to the execution of the SAFTs or the purchase and/or pre-purchase of the Tokens, but the SAFTs clearly and conspicuously alert the reader of the SAFTs to "PLEASE READ SECTIONS 6.1, 6.2, AND 6.3 CAREFULLY. THESE PROVISIONS LIMIT THE SCOPE OF THE COMPANY'S LIABILITY IN CONNECTION WITH THE SALE OF THE SAFT." Exs. C, D, E, F, and G, § 6.

For these reasons, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted, since Plaintiff expressly waived and released the claims which he brought in his complaint pursuant to the clear, unambiguous, and explicit exculpatory provisions contained in the SAFTs.

## V. <u>CONCLUSION</u>

For the reasons stated above, Latinum respectfully request that this Court dismiss the present action because: (1) Plaintiff failed to provide the required notice to Latinum of his claims prior to filing suit as required by the SAFTs; and (2) even if he did provide the required notice, all of Plaintiff's claims fall within the scope of the arbitration provision of the SAFTs. Additionally, Plaintiff's Complaint should be dismissed for failure to state a claim upon which

Page **15** of **16**

Case No.: 2:22-cv-8313 DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

relief can be granted, since Plaintiff expressly waived and released the claims which he brought in his complaint pursuant to the clear, unambiguous, and explicit exculpatory provisions contained in the SAFTs. The Plaintiff's Complaint fails to state a claim upon which relief should be granted and it should be dismissed.

LESLIE COHEN LAW, PC &
COOPER LEVENSON, P.A.

Dated: November 29, 2022

/s/ Eric A. Browndorf
By: Eric A. Browndorf, Esq. (Pro Hac Vice)
William P. Rubley, Esq. (Pro Hac Vice)
ebrowndorf@cooperlevenson.com
wrubley@cooperlevenson.com
1125 Atlantic Avenue
Atlantic City, NJ 08401
(609) 344-3161; Fax: (609) 344-0939
Attorneys for GIBF GP, INC.

Page **16** of **16**

Case No.: 2:22-cv-8313

DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. I am employed at Leslie Cohen Law PC. My business address is 1615-A Montana Avenue, Santa Monica, CA 90403.

On November 29, 2022, I served the foregoing document(s) described as:

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; CERTIFICATION OF COUNSEL IN SUPPORT OF MOTION TO DISMISS; [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

on the interested parties in this action as stated on the attached mailing list.

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: Pursuant to controlling General Orders, a true copy will be served by the Court via Notice of Electronic Filing ("NEF") and hyperlink to the document. I checked the CM/ECF docket for this case and determined that the parties on the attached Service List are on the Electronic Mail Notice List to receive NEF transmission at the electronic mail addresses noted.

☐ BY UNITED STATES MAIL: I enclosed the document(s) in a sealed envelope or package to the parties on the attached Service List and placed it for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ BY OVERNIGHT DELIVERY: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the parties on the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. **DELIVERY BEFORE 12PM**

☐ BY ELECTRONIC MAIL: I caused the document(s) to be sent to the parties on the attached Service List at the electronic mail addresses listed.

☐ BY FACSIMILE: I faxed the document(s) to the parties on the attached Service List at the fax numbers listed. No error was reported by the fax machine that I used. A fax transmission record was printed, a copy of which is maintained by this office.

☐ BY MESSENGER SERVICE: I provided the document(s) to a professional messenger service for delivery to the parties on the attached Service List.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 29, 2022, at Santa Monica, California.

| Jessica Spagnoli | /s/ Jessica Spagnoli |
|---|---|
| (Type or print name) | (Signature) |

BY NEF
Brianna Dahlberg
bdahlberg@romeandassociates.com,dahlia@romeandassociates.com,paralegal@romeandassociates.com
Eugene Rome
erome@romeandassociates.com,csimundac@romeandassociates.com,jdelafuente@romeandassociates.com,dahlia@romeandassociates.com,eugeneromelaw@gmail.com


BY OVERNIGHT DELIVERY

Hon. George H. Wu
United States Courthouse
350 West 1st Street
Courtroom 9D, 9th Floor
Los Angeles, CA, 90012