JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHAD ASSOFI, an individual and ASSOFI, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD BASILE, an individual, GIBF GP, Inc. d/b/a BITCOIN LATINUM, a Delaware corporation. GIBF GP (CAYMAN ISLANDS), LTD, a Cayman Islands corporation, MONSOON BLOCKCHAIN CORPORATION, a Delaware corporation, JDLB RITZ MIAMI LLC, a Delaware corporation, JEAN LUXE, INC., a Delaware corporation, CHRISTOPHER BASILE, an individual, JODEE LEMON, an individual, and DOES 1 through 10,<br><br>Defendants. | Case No.: CV 22-8313-GW-Ex<br><br>**ORDER GRANTING STIPULATION RE: ARBITRATION** |

# ORDER

The Court hereby approves the Stipulation Re: Arbitration filed by Plaintiffs Arshad Assofi and Assofi, Inc. (together, "Plaintiffs") and Defendants Donald Basile ("Donald"), GIBF GP, Inc. ("GIBF"), GIBF GP (Cayman Islands), LTD ("GIBF CI"), Monsoon Blockchain Corporation ("Monsoon"), Christopher Basile ("Christopher") (collectively, "Defendants"), and dismissed Defendants JDLB Ritz Miami LLC, Jean Luxe, Inc., and Jodee Lemon ("Dismissed Defendants" together with Defendants and Plaintiffs, the "Parties"), and **ORDERS** that:

1. Plaintiffs' claims in the Second Amended Complaint ("SAC") against Donald, GIBF, GIBF CI, and Christopher will be submitted to binding arbitration in Delaware before a single arbitrator in accordance with the rules and procedures of Judicial Arbitration and Mediation Services ("JAMS").

2. Neither Monsoon nor the Dismissed Defendants will be a participant in the arbitration.

3. The action is dismissed in its entirety as to all Defendants without prejudice pursuant to Plaintiffs' request under Federal Rule of Civil Procedure 41(a).

4. The statutes of limitations or other time-based defenses applicable to Plaintiffs' claims against Monsoon and the Dismissed Defendants are deemed tolled from the date of execution of this stipulation until the conclusion of the arbitration.

5. Plaintiffs, on one hand, and Defendants, on the other hand, will refrain from filing any new actions against one another other than those which are either already being arbitrated before JAMS, or will be filed with JAMS under this Stipulation, until such time that the arbitration proceedings are finally resolved on the merits. For the avoidance of any doubt, Plaintiffs will refrain from filing claims in any forum against Monsoon and/or any or all of the Dismissed Defendants until such time that the arbitration proceedings are finally resolved on the merits. However, should Plaintiffs discover in the arbitration that they have valid direct claims against Monsoon, JDLB Ritz Miami, LLC, Jean Luxe, Inc. and/or Jodee Lemon under the affirmative arbitration

claims, rather than solely as recipients of fraudulently conveyed funds, Plaintiffs will have the right to either bring claims against them in the arbitration or in a court of competent jurisdiction. Monsoon and the Dismissed Defendants will retain all rights and defenses, including but not limited to jurisdictional defenses. Nothing in this Order shall prevent any Party from seeking interim or provisional relief from the arbitrator or a court as permitted under the JAMS Rules.

6. This case is administratively closed, but the Court retains jurisdiction to reopen the matter at the request of any Party for any further necessary proceedings.

7. The Parties and their respective representatives are prohibited from making any statements to the public or third parties conveying or implying that this case or its claims have been resolved on the merits until a final award has been entered in the arbitration.

8. By virtue of entering into this stipulation, the Parties do not waive and expressly reserve all of their respective rights, claims, and defenses, including Plaintiffs' rights to challenge the validity or enforceability of the Simple Agreement for Future Tokens ("SAFT"), and Defendants Christopher, GIBF CI and Monsoon shall not be deemed to have generally appeared or consented to this Court's jurisdiction as a result of entering into this Stipulation.

**IT IS SO ORDERED.**

Dated: October 31, 2023

_____
HON. GEORGE H. WU,
U.S. District Judge